IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA,
Atlanta Division

| | |
|---|---|
| MELODY GOLD,<br>MICHAEL J. GOLD,<br>Plaintiffs<br><br>v.<br><br>OCWEN LOAN SERVICING. LLC,<br>Defendant | CIVIL ACTION<br><br>FILE NO: 1:12-cv-3056-<br><br>JEC-LTW |

_____

PLAINTIFF'S RESPONSIVE OBJECTIONS TO MOTION TO DISMISS
_____

COMES NOW, Plaintiffs Melody and Michael Gold, by and through their Legal Counsel, and respectfully files ***Plaintiff's Responsive Objections to Motion to Dismiss***, and herein shows this Honorable Court how Georgia and Federal law show it to be improper to dismiss this action.

I.                                    INTRODUCTION

After many months of attempting to be patient and work with Ocwen on their obvious and repetitive accounting issues, Plaintiffs filed this civil action on August 30, 2012.  The following day a Summons was issued.  October  05,  2012  Plaintiffs  filed  their  numerous  Exhibits,  showing

conclusively that their allegations are supported by correspondence from the Defendnat.   October 9, Return of Service upon Ocwen was filed with the Court, and perfected on October 5, 2012.

On October 26, 2012 Ocwen, in lieu of an Answer, opted to file its Motion to Dismiss claiming their motion is pursuant to Fed.R.Civ.P. Rule 12(b)(6), and N.D.Ga. L.R. 7.1.

II.         ARGUMENT AND CITATION OF AUTHORITY

**A.    *Motions to Dismiss Pursuant to Rule 12(b)(6)***

Ocwen recites the usual Rule 12(b)(6) Standard of Review, etc., and alleges that Plaintiffs failed state a claim for relief that is plausible on its face. Plaintiffs disagree.  Plaintiffs have shown that there is in fact a dispute, that is both plausible and well supported by Defendant's correspondence to them; thus the complaint which outlines the abusive correspondence states a claim for relief pursuant to The Federal Debt Collection Practices Act.

The Eleventh Circuit, performs a review de novo on a Rule 12(b)(6) dismissal of a complaint for failure to state a claim. See ***Rosenberg v. Gould***, 554 F.3d 962, 965 (11th Cir. 2009). In ruling on a 12(b)(6) motion, the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. ***Hill v. White***, 321 F.3d 1334, 1335 (11th Cir. 2003).

The Eleventh Circuit, has shown that in appeals of Rule 12(b)(6)

dismissals, it is generally true that the "scope of the review must be limited to the four corners of the complaint." *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).  If matters outside the pleadings are presented by the parties and considered by the district court, the Rule 12(b)(c) motion must be converted into a Rule 56 summary judgment motion. Fed. R. Civ. P. 12(d). The Eleventh Circuit has however, recognized an important qualification to this rule where certain documents and their contents are undisputed:  "In ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *SFM Holdings, Ltd. v. Banc of Am. Secs, LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010); see also *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999) (stating that  "a document central to the complaint that the defense appends to its motion to dismiss is also properly considered, provided that its contents are not in dispute").

In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007*)*, the Supreme Court distinguished "plausible" claims from allegations that were merely "conceivable," and stated that the Court "[did] not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570, 127 S.Ct. at 1974. The Supreme Court explained that a complaint "does not need detailed factual allegations,"

but the allegations "must be enough to raise a right to relief above the speculative level." *Id*. at 555; 127 S.Ct. at 1964-65. Furthermore, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id*. at 556, 127 S.Ct. at 1965 (quotation marks omitted).

In *Iqbal* the Supreme Court clarified that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at __, 129 S.Ct. at 1949; see also *Watts v. Fla. Int'l Univ*., 495 F.3d 1289, 1295-1296 (11th Cir. 2007) ("The Court has instructed us that the rule 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.") (quoting **Twombly**, 550 U.S. at 556, 127 S.Ct. at 1965).

### B.   *Plaintiffs Should be Allowed to Amend Their Complaint*

Further, Plaintiffs Move that should the Court agree with defendant, rather than Dismiss the case, that Plaintiffs be allowed to Amend their Complaint, which they are willing and able to do.  As the Courts have repeatedly held that they would rather rule on the merits of a case, than to dismiss for failure to state a claim, or on default judgment.

The 11th Circuit has repeatedly held:

"[A] district court's discretion to dismiss a complaint without leave to amend is 'severely restrict[ed]' by Fed.R.Civ.P. 15(a), which directs that leave to amend 'shall be freely given when justice so requires.'" *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (Former 5th Cir. 1981)). Where it appears a more carefully drafted complaint might state a claim upon which relief can be granted, we have held that a district court should give a plaintiff an opportunity to amend his complaint instead of dismissing it. See *Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985); *Dussouy*, 660 F.2d at 597-99.[4] This is still true where the plaintiff does not seek leave until after the district court renders final judgment, see *Thomas*, 847 F.2d at 773 (after district court dismissed plaintiff's complaint with prejudice, plaintiff filed motion for reconsideration that was denied; this court reversed and remanded, directing that plaintiff be permitted to amend his complaint), and even where the plaintiff never seeks leave to amend in the district court, but instead appeals the district court's dismissal, see *Sarter v. Mays*, 491 F.2d 675, 676 (5th Cir. 1974) (complaint dismissed with prejudice and plaintiff appealed; court of appeals stated that 'if the complaint does not adequately apprise the defendant of the nature of the plaintiff's claim, the court should allow the plaintiff to amend the pleadings to more plainly delineate the cause of action rather than dismiss the complaint.'). In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981; See also *Bank v. Pitt*, 928 F. 2d 1108 - Court of Appeals, (11th Cir. 1991) @ 1112 Reversed and Remanded.

The Court must, however, heed Rule 15's mandate that leave is to be "freely given when justice so requires." *Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1083 (D.C.Cir.1998). Indeed, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper

subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), 371 U.S. at 182.

Accordingly, "[a]lthough the grant or denial of leave to amend is committed to a district court's discretion, it is an abuse of discretion to deny leave to amend unless there is sufficient reason, such as 'undue delay, bad faith or dilatory motive ... repeated failure to cure deficiencies by [previous] amendments ... [or] futility of amendment.'" *Firestone*, 76 F.3d at 1208 (quoting *Foman*, 371 U.S. at 182, 83 S.Ct. 227); see also *Caribbean Broad. Sys.*, 148 F.3d at 1084 (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir.1991)) (holding that a district court's discretion to grant leave to amend is "severely restricted" by Rule 15's command that such leave "be freely given"). Moreover, "'Rule 15(a) does not prescribe any time limit within which a party may apply to the court for leave to amend.... In most cases[,] delay alone is not a sufficient reason for denying leave.... If no prejudice [to the nonmoving party] is found, the amendment will be allowed.'" *Caribbean Broad. Sys.*, 148 F.3d at 1084 (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure*: Civil 2d § 1488, at 652, 659, 662-69 (1990 & Supp.1997)).

C.      *The Eleventh Circuit Rulings On FDCPA*

Section 1692a of the FDCPA defines "debt collector" as the following:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . . For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. . .
>
> 15 U.S.C. § 1692a(6). The substantive provisions of the FDCPA that follow § 1692a prohibit "debt collectors" from taking certain actions. Therefore, whether an individual or entity is a "debt collector" is determinative of liability under the FDCPA.

The Eleventh Circuit Court of appeals, issued a published opinion in *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211 (11th cir. 2012), and has held that "an entity that regularly attempts to collect debts can be a 'debt collector' beyond 1692f(6) of the FDCPA, even when that entity is also enforcing a security interest."

In *Reese*, the lawfirm representing the lender, sent the Reeses a letter and documents demanding payment and threatening to foreclose on the property if the debt was not paid. *Id*. at 3. The Reeses filed a lawsuit alleging the communication violated the FDCPA, specifically § 1692e, which prohibits a "debt collector" from using "false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id*. at 5 (15 U.S.C. § 1692e). The district court dismissed the complaint for failure to state a claim

after finding the law firm was not a "debt collector" under § 1692a(6), and the communications did not amount to a debt collection activity, but instead were an attempt to enforce a client's security interest.

The Eleventh Circuit reversed and remanded, after concluding that "[t]he fact that the letter and documents relate to the enforcement of a security interest does not prevent them from also relating to the collection of a debt within the meaning of § 1692e." *Id*. at 11. The 11th Cir. noted that the FDCPA's definition of "debt" in § 1692a(5) clearly encompassed the Reeses' payment obligations under the promissory note at issue. *Id*. at 8-9. Relying on the fact that the letter demanding payment also referenced debt collection.  It was reasonable to conclude that the law firm's attempt to collect the money owed on the promissory note was "the collection of [a] debt" within the meaning of § 1692e. *Id*. at 9-10. The Court stated:

> Even if the . . . law firm intended the letter and documents to give the Reeses notice of the foreclosure, they also could have-- and did--demand payment on the underlying debt. . . . A communication related to debt collection does not become unrelated to debt collection simply because it also relates to the enforcement of a security interest. A debt is still a "debt" even if it is secured.  *Id*. at 11-12.

The *Reese* case is not the only one overturned by the Eleventh Circuit on FDCPA allegations.  There have also been several unpublished opinions such as *Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238, 1241–42 (11th Cir. 2012);

*Birster v. American Home Mortgage Servicing, Inc.* No. 1113574 (11th Cir. 07/18/2012)[1]; *Shoup v. McCurdy & Cander, LLC*, No. 10-14619 (11th cir. 03/30/2012)[2].

### C. *Ocwen Incorrectly Contends That They Are Not A Debt Collector*

According to Ocwen, a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mail in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692a(6). A "debt collector" is not "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity ... (iii) concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii). "This exclusion has been interpreted by courts to mean that mortgage servicers are not covered by the FDCPA if they began servicing the loan at a time when it was not in default." *Stroman v. Bank of Am. Corp.*, 852 F. Supp. 2d 1366, 1375-1376 (N.D. Ga. 2012) (citing *Bailey v. Security Nat'l Serv. Corp.*, 154 F.3d 384, 388 (7th Cir. 2003) (holding that a mortgage servicing company not a debt collector under the FDCPA where the debt was not in default when it began servicing it);"[Doc.8-1,pp.4-5].

---

[1] 2012.C11.0001073,<http://www.versuslaw.com>

[2] 2012.C11.0000513,<http://www.versuslaw.com>

The 11th Cir. stated: "Even if the . . . law firm intended the letter and documents ...could have--and did--demand payment on the underlying debt. . . . A communication related to debt collection does not become unrelated to debt collection simply because it also relates to the enforcement of a security interest. A debt is still a "debt" even if it is secured. *Id*. at 11-12.

As shown above, according to The United States Court of Appeals for the Eleventh Circuit, Ocwen is incorrect when they claim that they are not a debt collector subject o FDCPA rules.   The Unpublished Opinion in *Birster v. American Home Mortgage Servicing, Inc* shows otherwise.  American Home Mortgage Servicing, Inc., is the loan servicer in *Birster.*  The 11th Circuit held:

> "Here, the Birsters' allegations support a conclusion that AHMSI engaged in debt collection activity, as AHMSI was both attempting to enforce a security interest and collect a debt. The September 30, 2008, letter advised the Birsters that AHMSI would foreclose on their home unless they cured the default by paying $7,761.14 within 30 days. The letter also included a disclosure stating 'THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.' Under the reasoning of *Reese*, ... we reverse the district court's order concluding otherwise, and remand to the district court for further proceedings in light of *Reese*."

Returning to the holding in *Reese*,

That means in order to state a plausible FDCPA claim under § 1692e, a plaintiff must allege, among other things, (1) that the defendant is a "debt collector" and (2) that the challenged conduct is related to debt collection.  The analysis is clearer if we start with the second element and evaluate whether the

Reeses' complaint sufficiently alleges that the Ellis law firm's letter and enclosures are an attempt to collect a "debt" within the meaning of the FDCPA. That evaluation involves a question of statutory interpretation and "begins where all such inquiries must begin: with the language of the statute itself." *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030 (1989). The FDCPA broadly defines the word "debt":

> The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5).

That definition clearly encompasses the Reeses' payment obligations under the promissory note at issue in this case. Under that promissory note, the Reeses are consumers who must pay money to Provident, and their obligation to do so arose from a transaction involving property that is primarily for the Reeses' personal, family, or household purposes (they live on the property). The promissory note is a "debt" within the plain language of § 1692a(5). See *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241–42 (11th Cir. 2012) (treating a letter requesting payment on a promissory note secured by a mortgage as "an attempt at debt collection" within the meaning of the FDCPA); see also *Kojetin v. C U Recovery, Inc.*, 212 F.3d 1318, 1318 (8th Cir. 2000) (per curiam) (treating a promissory note signed in connection with a car loan as a debt within the meaning of the FDCPA); cf. Ga. Code Ann. § 13-1-11 (stating that a "note" is "evidence of indebtedness").

The fact that the Reeses' obligation to pay off the promissory note is a 'debt' for FDCPA purposes does not end the inquiry. The next question is whether the Ellis law firm's letter and enclosed documents are an attempt to 'collect' that debt. They are. The letter, which was attached to the complaint, states that the 'Lender hereby demands full and immediate payment of all amounts due.' (Emphasis added.) It also threatens that

'unless you pay all amounts due and owing under the Note,' attorney's fees 'will be added to the total amount for which collection is sought.' (Emphasis added.) Not only that, but one of the three documents enclosed with the letter specifically states that the law firm 'IS ATTEMPTING TO COLLECT A DEBT,' and another states 'THIS LAW FIRM IS ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT.' In light of all that language stating that the law firm is attempting to collect a debt, the complaint sufficiently alleges that the notice is a communication related to 'the collection of [a] debt' within the meaning of § 1692e."

### D. *A Debt is Still A Debt, Even if Secured, and a Foreclosure Began*

The 11th Cir. make their interpretations more when stating: ..."A communication related to debt collection does not become unrelated to debt collection simply because it also relates to the enforcement of a security interest. A debt is still a "debt" even if it is secured. See, e.g., ***Gburek v. Litton Loan Servicing LP***, 614 F.3d 380, 386 (7th Cir. 2010) (holding that a letter threatening foreclosure while also offering to discuss "foreclosure alternatives" qualified as a communication related to debt collection activity within the meaning of § 1692e); ***Wilson v. Draper & Goldberg, P.L.L.C.***, 443 F.3d 373, 376 (4th Cir. 2006) ("[The] 'debt' remained a 'debt' even after foreclosure proceedings commenced.")".

Furthermore, the 11th Cir. has held the loan servicers, to be debt collectors for purposes of FDCPA as well.

- 12 -

### E.     _Emotional Distress and Negligence_

The consumer protection statutes, use the "least sophisticated consumer".  Contrary to Ocwen's assertions, Georgia too recognizes that there does not have to be a physical injury for a litigant to prevail on emotional distress.   An exception applies if Plaintiff proves Defendant's conduct was "malicious, wilful, or wanton" and was specifically directed at him. *Phillips v. Marquis at Mt. Zion-Morrow, LLC*, 305 Ga. App. at 76 (2010). "Wanton conduct is that which is so reckless or so charged with indifference to the consequences as to be the equivalent in spirit to actual intent." *Chrysler Corp. v. Batten*, 264 Ga. 723, 726 (1994). Plaintiff's complaint alleges Such conduct on the part of Defendant, taken as true for purposes of this Motion, it amounts to "wanton" conduct for which a claim for Negligent Infliction of Emotional Distress will lie.

 "Although arising from a contractual right, breach of this duty is a tort compensable at law."  See *Curl v. First Federal Savings & Loan Assn.*, 243 Ga. 842, 843-844(2) (257 SE2d 264)(1979) (affirmed the award of damages for mental pain and aggravation and punitive damages in an action for wrongful foreclosure); *Decatur Investments Co. v. McWilliams*, 162 Ga. App. 181, 182(2) (290 SE2d 256)(1982) (affirmed an award of punitive damages in a wrongful foreclosure action);  see also 20 EGL, *Mortgages and Bonds for Title*, §69, p.584.  *Clark v. West*, 196 Ga. App. 456 (395 SE2d 884)(1990).

The *Clark* court went on to explain "when the claim is for intentional misconduct, damages for mental distress may be recovered without proof of physical injury. [Cit.]" *Hamilton v. Powell, Goldstein, Frazer & Murphy*, 252 Ga. 149, 150 (311 SE2d 818) (1984).   The court opined that "where the complaint alleges an established tort — wrongful foreclosure — and seeks damages pursuant to OCGA § 51-12-6 for mental distress as a result of its intentional commission. Established law in this State allows the award of damages for such a claim. See *Hamilton, supra* at 150. Accordingly, the trial court erred by dismissing appellant's claim for damages.  In fact the *Clark* court went on to state that attorneys fees were even available to the Plaintiff in such cases  - "She has alleged bad faith and stubborn litigiousness. If she can prove these allegations and present proper proof of the value of the attorney fees she has expended, see *First Bank of Clayton County v. Dollar*, 159 Ga. App. 815, 817-818 (4) (285 SE2d 203) (1981), we find no bar to an award pursuant to OCGA § 13-6-11".   Special concurrence by Judge Beasley shows that "Damages [for mental suffering] may be recovered in those cases where the plaintiff has suffered at the hands of the defendant a wanton, voluntary, or intentional wrong the natural result of which is the causation of mental suffering and wounded feelings." *Dunn v. Western Union Telegraph Co.*, 2 Ga. App. 845, 846 (3) (59 SE 189) (1907).

"While mental suffering, unaccompanied by injury to purse or person, affords no basis for an action predicated upon wrongful acts merely negligent, yet such damages may be recovered in those cases where the plaintiff has suffered at the hands of the defendant a wanton, voluntary, or intentional wrong the natural result of which is the causation of mental suffering and wounded feelings." *Dunn v. Western Union Tel. Co*., 2 Ga. App. 845 (3) (59 SE 189); *Young v. Western & A. Railroad,* 39 Ga. App. 761, 766 (148 SE 414); *Digsby v. Carroll Baking Co*., 76 Ga. App. 656 (3) (47 SE2d 203); *Atlanta Hub Co. v. Jones*, 47 Ga. App. 778, 780 (171 SE 470).

> F.    <u>*Slander of Credit*</u>

Ocwen contends that Plaintiffs in an attempt to avoid the stringent requirements for liability under the Fair Credit Reporting Act, made a naked allegation of malice...alleged that the "[f]alse publications regarding Plaintiff's credit was *[sic]* made with a reckless disregard for the truth and/or malice and/or with a willful intent to injure Plaintiffs". [Doc. 8-1,p.9].

Ocwen goes on to assert that Plaintiffs showed no supporting facts for why Ocwen, a corporation would be malicious or intend to harm the Plaintiffs.  They are again incorrect.  The amount of harassment bestowed upon Plaintiffs, and accusations against them, together with the mere fact that Ocwen had <u>*repeatedly promised*</u> Plaintiffs that they would not make reports to the credit reporting agencies while they were attempting to straighten out

Ocwen's accounting errors, then turning right around and doing exactly what they had promised they would not do, goes against everything Ocwen has asserted in their defense. The Defendants protests are simply unfounded where as here it is a repeated occurrence, their ill prepared and incorrect correspondence is an admission of their misconduct.

Ocwen uses the Sergeant Schultz defense, but it does not work. The Exhibits submitted with Plaintiff's Verified Complaint, clearly shows the opposite of Ocwen's current assertions.


CONCLUSION AND PRAYER

Defendants contend that this action should be dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(6) and N.D.Ga. L.R. 7.1. Plaintiffs have shown that they have, in truth and fact, stated claims for relief which should be granted. The Eleventh Circuit during 2012 has repeatedly found violations of FDCPA in similar cases, and Plaintiffs' case fits into the category covered by Ocwen's actions trying to collect payments.

The allegations within the verified complaint against Ocwen must be taken as true for purposes of Rule 12(b)(6) Motion to Dismiss. The Eleventh Circuit will characterize Ocwen a 'debt collector', and in the instant Ocwen chose to file a Motion to Dismiss rather than a verified answer. The Court

must find in favor of Plaintiffs.


Respectfully submitted, this 9th day of November, 2012,

*/S/ Dale A. Calomeni*

By: _____

Dale A. Calomeni, For Plaintiff
Georgia Bar No.  105311
CALOMENI & ASSOCIATES
515 East Crossville Road,
Bldg 200, Ste 250,
Roswell, GA 30075
Office:  770-597-6112
Fax:  678-412-1534


## CERTIFICATE OF COMPLIANCE

 I hereby Certify, that that the foregoing was prepared in 13 point Book Antiqua Font, and have complied with the margin, and formatting requirements of L.R. 5.1 N.D.Ga.

*/S/ Dale A. Calomeni*

_____

Dale A. Calomeni

- 17 -

CERTIFICATE OF SERVICE

I hereby Certify that I have this 9th day of November, 2012 served a true and correct copy of the foregoing *Plaintiff's Responsive Objections to Motion to Dismiss* upon the defendants through the CM/ECF system, which automatically sends email notification of same to the following attorneys:

Linda S. Finley,
Jonathan E. Green
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ P.C.
3414 Peachtree Road, N.E.
Monarch Plaza, Suite 1600                    */S/ Dale A. Calomeni*
Atlanta, GA  30326                           _____

                                              Dale A. Calomeni